FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DEBRA D.,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | NO. 2:22-CV-0086-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 11, 12). These matters were submitted for consideration without oral argument. The Court has reviewed the administrative record, and is fully informed. For the reasons discussed below, Plaintiff's Motion for Summary Judgment (ECF No. 11) is **DENIED,** and Defendant's Motion for Summary Judgment (EFC No. 12) is **GRANTED**.

## JURISDICTION

The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

1 **STANDARD OF REVIEW**

2         A district court's review of a final decision of the Commissioner of Social

3 Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4 limited: The Commissioner's decision will be disturbed "only if it is not supported

5 by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

6 1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7 means relevant evidence that "a reasonable mind might accept as adequate to

8 support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated

9 differently, substantial evidence equates to "more than a mere scintilla[,] but less

10 than a preponderance." *Id.* (quotation and citation omitted).  In determining

11 whether this standard has been satisfied, a reviewing court must consider the entire

12 record as a whole rather than searching for supporting evidence in isolation.  *Id.*

13         In reviewing a denial of benefits, a district court may not substitute its

14 judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

15 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16 rational interpretation, [the court] must uphold the ALJ's findings if they are

17 supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

18 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19 ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless

20 where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    The claimant bears the burden of proof at steps one through four above.

2    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

3    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

4    capable of performing other work; and (2) such work "exists in significant

5    numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

6    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                    **ALJ'S FINDINGS**

8    In April 2018, Plaintiff filed applications for Title II disability insurance

9    benefits and Title XVI supplemental security income benefits, alleging an onset

10   date of January 31, 2015.  Tr. 340, 342.  The applications were denied initially, Tr.

11   125–126, and again on reconsideration, Tr. 169–170.  A hearing was held on

12   January 7, 2020 and the ALJ thereafter denied benefits.  Tr. 44–97, 171–194.

13   On August 10, 2020, the Appeals Council reversed and directed an ALJ to:

14   (1) evaluate all medical opinions, including the opinion of Erin Vander Stoep, PA-

15   C, (2) give further consideration to Plaintiff's RFC during the entire period at issue

16   with specific references to the record, (3) obtain additional evidence concerning

17   Plaintiff's ocular migraines, (4) give further consideration to whether Plaintiff can

18   perform past relevant work, and (5) obtain supplemental evidence from a

19   vocational expert, if warranted.  Tr. 195–200.  On remand, the ALJ held another

20

hearing in 2021.  Tr. 98–114.  In April 2021, the ALJ denied Plaintiff's applications.  Tr. 15–31.  The Appeals Council denied review.  1-6.

As a threshold matter, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2020.  Tr. 18.  At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 31, 2015, the alleged onset date.  *Id*.  At step two, the ALJ found Plaintiff had the following severe impairment: post-traumatic stress disorder ("PTSD").  *Id.*  At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment.  Tr. 20.  The ALJ then found Plaintiff had a residual functional capacity to perform a full range of work at all exertional levels but with the following limitations: "[S]he can work superficially and occasionally with the general public.  She can work in the same room with co-workers.  She can occasionally work in coordination with co-workers.  She should not have frequent workplace changes."  Tr. 21.

At step four, the ALJ found Plaintiff was able to perform past relevant work as customer order clerk, horticultural worker II, and caretaker.  Tr. 29.  The ALJ made an alternative finding at step five, considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in the significant numbers in the national economy that Plaintiff could perform, such as machine

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

packager, hand packager, and industrial cleaner.  Tr. 30.  The ALJ concluded

Plaintiff was not under a disability, as defined in the Social Security Act, from

January 31, 2015, the alleged onset date, through April 12, 2021, the date of the

ALJ's decision.  Tr. 30–31.

## ISSUES

1.  Whether the ALJ properly considered Plaintiff's medically determinable

    impairments;

2.  Whether the ALJ properly considered Plaintiff's subjective symptom

    testimony;

3.  Whether the ALJ properly weighed the medical opinions;

4.  Whether the ALJ properly assessed lay opinions; and

5.  Whether the ALJ properly assessed step five.

## DISCUSSION

### I.    Step Two

Plaintiff contends the ALJ failed to properly consider her medically

determinable impairments, including eosinophilic colitis ("EC"), ocular migraines,

and hypermetropia.  ECF No. 11 at 17-21.

At step two of the sequential process, the ALJ must determine whether a

claimant suffers from a "severe" impairment, i.e., one that significantly limits her

physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c),

416.920(c).  To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ."  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically

1    severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d

2    683, 687 (9th Cir. 2005).

3        First, the ALJ found Plaintiff's EC non-severe.  Tr. 19-20.  The ALJ based

4    this finding on Plaintiff's infrequent complaints, improvement with prescription

5    treatment, and inconsistencies between her testimony and the record regarding the

6    frequency and severity of the symptoms.  *See id.* (citations to the record omitted).

7        Second, the ALJ found Plaintiff's ocular migraines non-severe.  Tr. 18–19.

8    The ALJ based this finding on Plaintiff's had infrequent complaints, a lack of

9    objective testing, normal physical examinations, minimal natural treatments, and

10   inconsistencies between Plaintiff's testimony and the record regarding the

11   frequency and severity of the symptoms.  *See id.* (citations to the record omitted).

12   The ALJ's finding that Plaintiff's ocular migraines are non-severe is supported by

13   substantial evidence.

14       Finally, the ALJ did not address Plaintiff's hypermetropia.  Plaintiff argues

15   the ALJ should have found the hypermetropia to be a severe impairment based on

16   a single treatment note.  ECF No. 11 at 21.  Plaintiff did not list hypermetropia as a

17   limitation at the hearing nor on either application.  ECF No. 12 at 7.  The record

18   demonstrates Plaintiff's hypermetropia is correctable to 20/20 vision.  *Id.*  Plaintiff

19   has shown no reversible error.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

The ALJ's conclusions are supported by substantial evidence that contradict the severity of the medically determinable impairments reported by Plaintiff. Even if the ALJ erroneously identified these impairments as non-severe, any error would be harmless because the step was resolved in Plaintiff's favor and the ALJ considered Plaintiff's limitations when assessing Plaintiff's residual functional capacity. *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005) (finding harmless error where the ALJ failed to identify an impairment as severe at step two but accounted for the impairment at step five).

## II.    Plaintiff's Symptoms Testimony

Plaintiff contends the ALJ failed to offer clear and convincing reasons for rejecting Plaintiff's subjective complaints. ECF No. 11 at 4–10.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record. Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

1   intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

2   symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

3   an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

4   other than medication, an individual receives or has received for relief of pain or

5   other symptoms; (6) any measures other than treatment an individual uses or has

6   used to relieve pain or other symptoms; and (7) any other factors concerning an

7   individual's functional limitations and restrictions due to pain or other symptoms.

8   *Id*. at \*7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

9        Here, the ALJ found Plaintiff's impairments could reasonably be expected to

10  cause some of the alleged symptoms.  Tr. 23.  However, the ALJ found Plaintiff's

11  statements concerning the intensity, persistence, and limiting effects of those

12  symptoms were not entirely consistent with the evidence.  *Id.*

13             *1.  Objective Medical Evidence*

14       Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony

15  was not supported by the objective medical evidence.  ECF No. 11 at 4.

16       Objective medical evidence is a relevant factor, along with the medical

17  source's information about the claimant's pain or other symptoms, in determining

18  the severity of a claimant's symptoms and their disabling effects.  20 C.F.R. §§

19  404.1529(c)(2); 416.929(c)(2).  However, an ALJ may not discredit a claimant's

20  symptom testimony and deny benefits solely because the degree of the symptoms

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 13

1  alleged is not supported by objective medical evidence.  *Id.*

2        The ALJ found Plaintiff's allegations regarding her mental health were out

3  of proportion to the generally benign mental status findings.  Tr. 23.  The ALJ

4  noted while Plaintiff has signs of depression and anxiety at times, providers usually

5  observe Plaintiff in no acute distress, oriented, well-groomed, with appropriate

6  mood and affect, denying suicidal ideation, typically polite, cooperative, open, and

7  interactive, no psychomotor abnormalities, usually normal speech and eye contact,

8  normal insight and judgment, intact memory, appropriate focus and fund of

9  knowledge, and thought processes generally linear and future based.  *Id.* (citations

10 to the record omitted).  The ALJ also noted Plaintiff's normal to near normal

11 performance on testing, where she had little to no abnormality in orientation,

12 memory, fund of knowledge, concentration, abstract ability, insight, and judgment,

13 recalled four out of five words after a five-minute delay, correctly answered seven

14 out of ten questions, and performed a four-step task.  Tr. 24 (citation to the record

15 omitted).  On another mental status test, the ALJ noted Plaintiff achieved a near

16 perfect score of 28 out of 30.  *Id.* (citation to the record omitted).

17       The ALJ's finding is supported by substantial evidence.  Plaintiff's own

18 interpretation of the record cannot overturn the ALJ's conclusions.  "Where

19 evidence is susceptible to more than one rational interpretation, it is the ALJ's

20 conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).  Even

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    if this were error, any error is harmless because the ALJ considered other factors

2    beyond the objective medical evidence.  *Vertigan v. Halter*, 260 F.3d 1044, 1050

3    (9th Cir. 2001).

4            2.   *Course of Treatment*

5            Plaintiff challenges the ALJ's finding that Plaintiff's symptom reports were

6    inconsistent with Plaintiff's course of minimal mental health treatment and

7    improvement without treatment.  ECF No. 11 at 5–6.

8            A claimant's course of treatment and any other measures taken to relieve

9    symptoms are relevant factor in considering the severity of symptom allegations.

10   20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also Tommasetti v. Astrue*, 533

11   F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment

12   can undermine a claimant's complaints of debilitating pain or other severe

13   limitations).  A claimant's "unexplained, or inadequately explained, failure to seek

14   treatment or follow a prescribed course of treatment" can undermine symptoms

15   reports.  *Fair v. Bowen*, 885 F.2d 597, 603–04 (9th Cir. 1989).

16           The ALJ found Plaintiff managed her mental symptoms without

17   psychotropic medications and reported improvement with use of learned

18   therapeutic techniques.  Tr. 24.  For example, the ALJ noted Plaintiff's symptoms

19   worsened when she was not doing recommended mindfulness but Plaintiff was less

20   anxious where she did her mindfulness almost daily.  *Id.*  The ALJ also noted

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

Plaintiff was able to thwart panic attacks with grounding techniques, was able to stand up for herself when triggered at a wedding, used breathing techniques and body scan to feel more calm and hopeful, and reached out to social supports with great results. *Id.* (citations to the record omitted). The ALJ's interpretation of the record is reasonable and supported by substantial evidence.

### 3. Daily Activities

Plaintiff challenges the ALJ's finding that Plaintiff's symptom testimony conflicted with her daily activities. ECF No. 11 at 8–9.

A claimant's daily activities is a relevant factor in assessing a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). An adverse credibility finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

The ALJ found Plaintiff's daily activities suggest she is not as limited as alleged. Tr. 25. The ALJ noted Plaintiff enjoys gardening, sings, plays with her dogs, crafts to cope, has a couple of close friends and many acquaintances, attended her daughter's wedding, performs all her own self-care independently and without reminders, visits family, cooks for herself, keeps up with household tasks and chores, handles her own money, listens to podcasts and reads the newspaper,

1    exercises regularly, and drives a car. *Id.* (citations to the record omitted). The ALJ

2    also found Plaintiff's allegations that she would not be able to maintain regular

3    attendance and sustain focus conflicted with the many treatment notes where

4    Plaintiff had good attendance and participation in treatment and the record did not

5    generally indicate Plaintiff missed, cancelled, or rescheduled appointments due to

6    mental symptoms. Tr. 24 (citations to the record omitted).

7        The ALJ's finding that Plaintiff's daily activities conflicted with her

8    reported symptoms is a reasonable interpretation of the record. This finding is

9    supported by substantial evidence.

10        *4. Inconsistent Statements*

11        Plaintiff challenges the ALJ's finding that she made inconsistent statements

12    as to why she lost her part time job. ECF No. 11 at 8.

13        The ALJ may consider inconsistencies in the evidence and the extent to

14    which there are conflicts between a claimant's statements and the rest of the

15    evidence. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

16        The ALJ found Plaintiff gave inconsistent statements regarding the impact

17    of her mental symptoms on employment. Tr. 25. The ALJ noted that while

18    Plaintiff testified she lost her job in 2017 at a rock shop due to her "outbreaks" at

19    customers and needing extra breaks, Plaintiff told providers she lost that same job

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

1    "due to economic reasons" and that the job was therapeutic for her.  *Id.* (citation to

2    the record omitted).

3         The ALJ's finding is supported by substantial evidence.  Even if this were

4    error, any error is harmless because the ALJ considered other factors.  *Vertigan*,

5    260 F.3d at 1050.

6         **III.    Medical Opinion Evidence**

7         Plaintiff contends the ALJ failed to properly consider and weigh the medical

8    opinion evidence.  ECF No. 11 at 11–17.  As an initial matter, for claims filed on

9    or after March 27, 2017, new regulations apply that change the framework for how

10   an ALJ must evaluate medical opinion evidence.  20 C.F.R. §§ 404.1520c,

11   416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical*

12   *Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).  The ALJ

13   applied the new regulations because Plaintiff filed her Title II and XVI

14   applications after March 27, 2017.  Tr. 26.

15        Under the new regulations, the ALJ will no longer "give any specific

16   evidentiary weight . . . to any medical opinion(s)."  *Revisions to Rules*, 2017 WL

17   168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and

18   evaluate the persuasiveness of all medical opinions or prior administrative medical

19   findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

20   The factors for evaluating the persuasiveness of medical opinions and prior

administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). These factors are explained as follows:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-

supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence."  *Id.*

A.  *Carla van Dam, Ph.D.*

Dr. van Dam opined Plaintiff could generally perform simple and detailed tasks within a normal schedule and workweek in a predictable work setting with routine work changes, but should have little to no public contact and occasional contact with workers, and should not do tasks that require socialization or decision making with coworkers on a frequent basis.  Tr. 26.

The ALJ found Dr. van Dam's opinion somewhat persuasive.  Tr. 26.  The ALJ found Dr. van Dam's opinion persuasive regarding simple and detailed tasks within a normal schedule and workweek, as that finding is consistent with the overall record demonstrating Plaintiff generally maintained good attendance and participation in treatment, was willing to implement change, and there was fair evidence of learning or skill acquisition, and mental testing revealed Plaintiff was

1    timely able to perform simple and more detailed tasks.  *Id.* (citations to the record

2    omitted).  However, the ALJ found Dr. van Dam's opinion unpersuasive regarding

3    limitations where Plaintiff demonstrated an ability to adapt at least occasionally to

4    new and sometimes stressful situations, was able to attend to herself and household

5    chores, demonstrated an ability to apply therapeutic techniques to everyday

6    situations, was cooperative and polite with normal mood and/or affect and normal

7    speech, and was able to reach out to social support with great results.  Tr. 26-27.

8         The ALJ addressed the supportability and consistency of Dr. van Dam's

9    opinion.  20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).  The ALJ's

10   finding is reasonable and supported by substantial evidence.

11        *B.  W. Douglas Uhl, Psy.D.*

12        Dr. Uhl opined Plaintiff had moderate limitations in mental functioning,

13   including the ability to complete a normal workday and workweek.  Tr. 27.  The

14   ALJ found Dr. Uhl's opinion less persuasive.  *Id.*  The ALJ noted Dr. Uhl reviewed

15   only one record and did not collect information about Plaintiff's daily activities.

16   *Id.*  Moreover, the ALJ found the opinion was not supported by Plaintiff's mental

17   status examination, which Plaintiff demonstrated normal orientation, normal

18   memory, normal fund of knowledge, normal concentration, normal abstracting

19   ability, and normal insight and judgment.  *Id.*  Finally, the ALJ found the opinion

20   not supported by the overall record, which demonstrated despite occasional mental

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

abnormalities, Plaintiff managed symptoms without medication, improved symptoms with therapeutic techniques, maintained good attendance, participated in treatment, and demonstrated at least fair evidence of learning or skill acquisition. *Id.*

The ALJ addressed the supportability and consistency of Dr. Uhl's opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). The ALJ's finding is reasonable and supported by substantial evidence.

*C.  Catherine A. MacLennan, Ph.D.*

Dr. MacLennan opined Plaintiff had no limitations in her ability to get along with others, but would be overly stressed being around people, Plaintiff was unable to sustain concentration, persistence, and pace in stressful situations when she needs to make a quick and well-informed decision, Plaintiff cannot sustain focused attention long enough to ensure timely completion of daily tasks when under any sort of pressure, and Plaintiff is no longer adaptable, flexible, or resilient enough to persist throughout the work day and respond to changes in the workplace. Tr. 27.

The ALJ found Dr. MacLennan's opinion not persuasive. *Id.* The ALJ noted Plaintiff's opinion is not fully supported by Plaintiff's nearly perfect mental testing score of 28 out of 30, is not entirely consistent with the overall treatment record as discussed *supra*, and provides legal conclusions. *Id.*

1    The ALJ addressed the supportability and consistency of Dr. MacLennan's

2    opinion.  20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).  The ALJ's

3    finding is reasonable and supported by substantial evidence.

4    *D.  Lewis Weaver, M.D.*

5        Dr. Weaver opined Plaintiff's ocular migraines were severe.  Tr. 28.  The

6    ALJ found this opinion not persuasive.  *Id.*  The ALJ found the opinion was not

7    supported by Plaintiff's infrequent complaints, normal examinations, ability to

8    manage symptoms with minimal treatment, and the neuro ophthalmologist's

9    indication that Plaintiff's benign presentation did not warrant further workup.  *Id.*

10   Therefore, the ALJ found the limitations not warranted particularly where Plaintiff

11   could operate a motor vehicle.  *Id.*  In any event, the ALJ found that other jobs at

12   step five would not be precluded by Dr. Weaver's limitations on ladders, ropes,

13   and scaffolds.  *Id.*

14       The ALJ addressed the supportability and consistency of Dr. MacLennan's

15   opinion.  20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).  The ALJ's

16   finding is reasonable and supported by substantial evidence.

17   *E.  Erin Vander Stoep, Pa-C*

18       Ms. Vander Stoep opined Plaintiff had PTSD and chronic diarrhea, would

19   miss work more than 4 days a month, and was limited to sedentary work.  Tr. 28.

20   The ALJ found Ms. Vander Stoep's opinion not persuasive.  *Id.*  The ALJ found

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 23

1    Ms. Vander Stoep did not explain how Plaintiff's diagnoses would keep Plaintiff

2    from performing more than sedentary work and the opinion was inconsistent with

3    Plaintiff's benign mental status findings and no severe physical impairments. *Id.*

4    The ALJ also found the opinion conflicted with Plaintiff's essentially normal

5    activities of daily living and that transportation difficulties were not a valid reason

6    to discount an opinion. *Id.*

7         The ALJ addressed the supportability and consistency of Dr. MacLennan's

8    opinion. 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2). Even if the

9    finding regarding transportation was error, the remainder of the ALJ's finding is

10   reasonable and supported by substantial evidence.

11   **IV.   Lay Opinion Evidence**

12        Plaintiff challenges the ALJ's consideration of lay witness testimony. ECF

13   No. 11. The ALJ is "not required to articulate how [they] consider evidence form

14   nonmedical sources" using the requirements applicable to medical opinions. 20

15   C.F.R. §§ 404.1520c(d); 416.920c(d).

16        The ALJ discounted the lay witness statements of family, friends, and

17   coworker on the same grounds of Plaintiff's own testimony as they generally

18   reflect the same allegations. Tr. 28. The ALJ did not err in assessing the lay

19   witness testimony.

20   //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

1    **V.    Step Five**

2    The ALJ found Plaintiff capable of performing past relevant work as a

3    customer order clerk, horticultural worker II, and caretaker.  Tr. 29.  Defendant

4    acknowledged the past relevant work "may not have amounted to substantial

5    gainful activity" but asserts that Plaintiff does not meaningfully challenge the

6    ALJ's step five alternative finding.  ECF No. 12 at 20-21.  The ALJ made an

7    alternative finding at step five that Plaintiff could perform the jobs of machine

8    packager, hand packager, and industrial cleaner.  Tr. 30.  Any error is harmless.

9                                    **CONCLUSION**

10    Having reviewed the record and the ALJ's findings, this Court concludes the

11    ALJ's decision is supported by substantial evidence and free of harmful legal error.

12    **ACCORDINGLY, IT IS HEREBY ORDERED:**

13        1.  Plaintiffs Motion for Summary Judgment (ECF No. 11) is **DENIED**.

14        2.  Defendant's Motion for Summary Judgment (ECF No. 12) is

15            **GRANTED**.

16    The District Court Executive is directed to enter this Order and Judgment

17    accordingly, furnish copies to counsel, and **CLOSE** the file.

18    DATED November 10, 2022.

19    

20                              THOMAS O. RICE
                        United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 25